IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

| | | |
|---|---|---|
| SAFECO INSURANCE COMPANY OF AMERICA, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | No. 09-4053-CV-C-WAK |
| CHARLES WISKIRCHEN, et al., | ) ) ) | |
| Defendants. | ) | |

## ORDER

In June 2008, a storm caused damage to the home of defendants Charles and Alma Wiskirchen. They filed a claim with their insurance company, defendant Safeco Insurance Company of America. A dispute arose over the coverage and loss, and defendants requested appraisal under the policy provisions. As part of the appraisal process, an umpire award was issued. Plaintiff Safeco challenges the award and filed this declaratory judgment action asking the court to construe the policy and appraisal award.

Defendants counterclaimed for breach of contract and vexatious refusal to pay. Shortly thereafter, they filed a motion for summary judgment on Counterclaim Count I, or alternatively, on the liability issue in Counterclaim Count II and on the issues presented in the complaint. The motion has been briefed and is ripe for ruling.

Rule 56(c) of the Federal Rules of Civil Procedure requires "the entry of summary judgment . . . against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). The burden on the party moving for summary judgment "is only to demonstrate . . . that the record does not disclose a genuine dispute on a material fact." City of Mt. Pleasant, Iowa v. Associated Elec. Co-Op., 838 F.2d 268, 273 (8th Cir. 1988).

Once the moving party has done so, the burden shifts to the nonmoving party to go beyond his pleadings and show, by affidavit or by "depositions, answers to interrogatories, and admissions on file," that there is a genuine issue of fact to be resolved at trial. Celotex, 477 U.S. at 323. Evidence of a disputed factual issue which is merely colorable or not significantly probative, however, will not prevent entry of summary judgment. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

Summary judgment, however, "is an extreme remedy, to be granted only if no genuine issue exists as to any material fact." Hass v. Weiner, 765 F.2d 123, 124 (8th Cir. 1985). In ruling on a motion for summary judgment, this court must view all facts in a light most favorable to the nonmoving party, and that party must receive the benefit of all reasonable inferences drawn from the facts. Robinson v. Monaghan, 864 F.2d 622, 624 (8th Cir. 1989).

If "there is no genuine issue as to any material fact and . . . the movant is entitled to judgment as a matter of law," the court must grant summary judgment. Fed. R. Civ. P. 56(c).

Defendants' home was considerably damaged by water during or as a result of the storm in June 2008, and by mold thereafter. The parties dispute whether the wind and rain caused a hole along a seam in the roof, but water entered the building through a seam area of the metal roof. Coverage for the loss is determined, in part, by whether the storm caused an opening in the roof. Defendants made a claim under their insurance policy, and a few days later sealed the seam to repair the roof area and to prevent further damage.

Plaintiff Safeco made payments to defendants for the loss for damages to the building and for mold remediation. It did not make a payment for personal property loss. Defendants did not agree with Safeco's valuation, and demanded appraisal under the terms of the policy.

Defendants hired an independent appraiser, Joe Caulfield. Plaintiff hired Mary Erio as its appraiser. In accord with the policy terms, the two appraisers hired Monty Sowersby as umpire. Although the appraisers selected and agreed upon Sowersby as the umpire, Sowersby had not served as an umpire previously and was unfamiliar with the responsibilities or requirements. He researched the matter on the Internet and relied upon brief instructions provided by the parties. As instructed, he did not share the appraisals with the opposing sides. He personally inspected the property several months after the storm, and issued his award using the appraisal of

2

$103,629.00, which was submitted by Caulfield on behalf of the defendants. He believed he was required to accept one appraisal and reject the other. He was not aware of a dispute over the coverage, only of a dispute over the value of the loss, and he did not see or consider the language of the insurance policy.

Caulfield's appraisal included losses for damage to the building, mold, loss of use, and for personal property. Erio's appraisal, or that of her associate, included only loss for damages to the property and for mold. It did not include loss of use or any loss of personal property. Safeco asserts it had denied coverage for loss of the personal property prior to the time the appraisal was made, and that the Wiskirchens did not submit a claim for loss of use. Safeco also notes that the appraisal for the personal property appears to be replacement cost for new items, and does not take into account depreciation that may have occurred in the damaged items, which is required by the policy.

The parties have cited the court to a couple of older cases dealing with the use of umpires, and to cases addressing fire losses, which are controlled, in part, by Missouri statutes. After considering those cases and the exhibits and suggestions submitted by the parties, the court is convinced there are genuine issues of material fact in dispute precluding the entry of summary judgment at this time. It would be premature to uphold the umpire's award prior to determining whether the award included losses not covered under the policy or determining whether the umpire had the appropriate information prior to making his award.

Accordingly, it is

ORDERED that defendants' motion of July 12, 2009, for summary judgment is denied. [16]

Dated this 13th day of January, 2010, at Jefferson City, Missouri.

/s/ *William A. Knox*

WILLIAM A. KNOX
United States Magistrate Judge

3